YEAGER v. DANIEL.

1. APPEAL AND ERROR—NONJURY CASE—FINDING OF COURT—EVIDENCE.

The Supreme Court does not reverse the findings of fact made by a trial judge sitting without a jury, unless the evidence clearly preponderates in the opposite direction.

2. SAME—FINDINGS OF COURT—CONSTRUCTION CONTRACT—SUBCONTRACTOR—PREPONDERANCE OF EVIDENCE.

In action by assignees of subcontractor against contractor for balance due for services and materials used in the reconstruction of a public sidewalk in front of a four-store building which defendant constructed for the owner, finding of trial judge that the subcontractor had done the work on a cost-plus basis for defendant, had not been paid in full, and that the owner had not ordered the work or been billed for it by the subcontractor is not disturbed under the evidence presented, since it does not clearly preponderate in the opposite direction.

3. JUDGMENT—RES JUDICATA—RECORD.

In action by assignees of subcontractor against contractor for balance due for services and materials used in the reconstruction of a public sidewalk in front of a four-store building which defendant constructed for the owner, where record of case brought by the owner against the same defendant was not introduced in evidence in the instant case, the parties are not the same and the subject matter is different, the determination therein made with respect to the subcontractor's work is not herein determined, is not controlling and is not *res judicata* of the instant case.

Appeal from St. Clair; George (Fred W.), J. Submitted June 8, 1944. (Docket No. 39, Calendar No. 42,626.) Decided September 11, 1944.

Effect of judgment upon persons not parties, see Restatement, Judgments, § 93 *et seq.*

Assümpsit by Fred Yeager and Stephen A. Graham, trustees, doing business as F. Yeager Bridge & Culvert Works, against C. E. Daniel for services and materials rendered by plaintiff-assignor. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Walsh, Walsh, O'Sullivan & Schlee,* for plaintiffs.

*Frank J. Ortman,* for defendant.

BUSHNELL, J. The trial judge sitting without a jury determined that plaintiffs, as assignees of Roy Travis, a cement subcontractor, were entitled to a judgment against defendant C. E. Daniel, a general contractor, in the amount of $488.14, for labor and material involved in the reconstruction of a sidewalk in front of a four-store building in the city of Port Huron, which Daniel constructed for Kate S. Jenks.

Controversies between the owner, Jenks, and the general contractor, Daniel, were determined in *Jenks v. Daniel,* 304 Mich. 239. The opinion in that case does not refer to Travis who, as a subcontractor, furnished labor and material for the cement work in the basement of one store in the Jenks building.

In the instant case the nature of the relations between Daniel and Travis with respect to the subsequent sidewalk reconstruction are in dispute. Travis testified that in the latter part of December, 1940, he entered into an oral contract with Daniel "to remove the old sidewalk and replace a new slab under the supervision of the city engineer of Port Huron." He said, "We decided at Mr. Daniel's suggestion that it should be a cost plus paid job." Difficulties were encountered in completing the work, and Travis stated:

"After removing the slab we found that the steel beam would not be substantial to carry the load called for according to the city specifications to bring it to the proper elevation. I called Mr. Daniel and told him I had a letter from the [city] engineer's office stipulating what I had to do in connection with it."

The steel for the sidewalk job was furnished by plaintiffs. Travis testified that the total cost for labor was $249.57 and the total cost for steel, $249.18, to which he added 10 per cent., making a total of $548.62, and that he received $100 from *Daniel after the work was completed. Travis insisted that he had two separate contracts with Daniel, one for the basement floor of store No. 1 and one for the sidewalk; that he followed the instructions of the city engineer in the construction of the sidewalk, and that he never looked to Jenks for payment.

Daniel, on the other hand, insisted that, in addition to the contract for the basement floor, he also had a contract with Travis for the sidewalk, which he said "was to break up the sidewalk, remove the old sidewalk and replace with new concrete for a price of $100," and that he paid Travis all that was due him. Daniel testified that the structural steel used in the sidewalk was ordered by the owner and was not provided for in his contract with Jenks, and that Jenks was also responsible for additional concrete used to make the sidewalk thicker, which added about $70 to the cost. He compared the material and labor necessary for the sidewalk job which he said was to be completed at a cost of $100, with that required for the work done on the basement floor at an agreed cost of $80, to which $20 was added for extras, and pointed out that the area of the basement

floor was 2,232 square feet, while the sidewalk only had an area of 952 square feet. The trial judge resolved the factual disputes of the case in favor of plaintiffs.

We do not reverse the findings of fact made by a trial judge sitting without a jury, unless the evidence clearly preponderates in the opposite direction. *Mallory* v. *Pitcairn*, 307 Mich. 40, 47. An examination of the record does not justify the conclusion either that the subcontractor, Travis, had been paid in full or that this work was ordered by and billed to the owner.

The remaining question raised by Daniel on appeal is stated by him in this manner:

"May a trial court in one proceeding establish certain matters as facts and base a decree thereon, which findings and decree are affirmed in the Supreme Court, and in a subsequent proceeding ignore the facts so established and render a contradictory judgment?"

Daniel thus seeks to have us hold that our affirmation of the trial judge's determination in *Jenks* v. *Daniel, supra,* requires reversal of the same trial judge's finding in the instant case. In the *Jenks Case* the trial judge stated in part:

"I further find that defendant (Daniel) failed to follow the plans and specifications or failed to perform part of the work in a workmanlike manner in many instances."

Travis is not mentioned in the reported opinion, nor is his portion of the work specifically referred to. The dispute, which was resolved in that case in favor of the owner, had to do with Daniel's claimed

mechanic's lien, and the owner's claim of a right to an accounting. This court did not pass in any manner upon the nature or quality of the work done by Travis. Our statement in the *Jenks Case* (p. 252) was:

"The testimony clearly indicates that much of the building construction was done in a defective and unworkmanlike manner. The trial court saw and heard the witnesses and was better able to judge their credibility and the weight to be accorded their testimony. The testimony amply supported the trial court's finding."

Without recourse to the record in *Jenks* v. *Daniel,* which was not introduced in evidence in the instant case, we are unable to determine what finding the trial judge made with respect to the work of Travis. Nor do we deem this question of any consequence, or in any way controlling of the issue in the instant case. The parties are not the same, the subject matter is different, and *Jenks* v. *Daniel* cannot in any way be said to be *res judicata* of the issue in the instant case. Daniel insists that it involves "the same *res* and where the court by its previous decision has established certain facts in connection with the *res* it is difficult to conceive the theory upon which a subsequent judicial pronouncement can be based which completely ignores the facts so established and establishes a new contradictory set of facts."

He argues "that the court in a subsequent proceeding is bound by such determination."

The authorities cited in support of this proposition generally deal with the doctrine of *res judicata,* and we know of no authority for the proposition advanced by appellant.

The crux of the case is whether or not the conclusion reached by the trial judge should be set aside on the ground that the evidence clearly preponderates in the opposite direction. Such is not the situation and the judgment is affirmed, with costs to appellees.

NORTH, C. J., and STARR, WIEST, BUTZEL, SHARPE, BOYLES, and REID, JJ., concurred.